IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELORES BANKS, As Administrator of the ESTATE OF RANDALL DENEEN, Deceased and as REPRESENTATIVE OF THE NEXT OF KIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 19-cv-85-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delores Banks, the Administrator of the Estate of Randall Deneen, Deceased, filed the instant lawsuit asserting survival and wrongful death claims against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"). She alleges that Veterans Administration medical providers failed to adequately treat Randall Deneen's gross hematuria (see Doc. 1). Now pending before the Court is Plaintiff's Motion to Strike the Government's Affirmative Defenses (Doc. 31) which the Government opposes (Doc. 33). For the following reasons, the Motion is **DENIED**.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove

unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).  Affirmative defenses must set forth a 'short and plain statement' of the defense. *Heller,* 883 F.2d at 1294 (quoting Fed.R.Civ.P. 8(a)). Ordinarily, affirmative defenses will not be stricken if they are sufficient as a matter of law or if they present questions of law or fact.  *Heller,* 883 F.2d at 1294.

The Government has asserted the following affirmative defenses in this case:

1. The Illinois doctrine of comparative fault, 735 Ill. Comp. Stat. 5/2-1116, applies to eliminate or reduce any recovery against Defendant.

2. Decedent failed to exercise reasonable diligence and ordinary care to mitigate his damages thus eliminating or reducing any recovery against Defendant.

3. Plaintiff's claims are barred to the extent that they were not filed within the time period required by the Illinois statute of repose, 735 Ill. Comp. Stat. 5/13-212(a).

4. Plaintiff's recovery, if any, is limited to the amount of the sum certain set forth in the administrative claim. 28 U.S.C. § 2675(b).

5. If any federal employee were negligent in providing care as outlined in the Complaint, which is expressly denied, then any economic damages for medical care costs that might be awarded must be reduced to the extent cost of medical care has been paid by the VA or any federal entities or is reasonably certain to have been covered by any federal source.

Citing *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), Plaintiff argues the Government has failed to plead sufficient facts to make its affirmative defenses plausible.

The Seventh Circuit has not decided whether an affirmative defense must comply with *Twombly* and *Iqbal*'s heightened pleading standard and district courts are divided on the issue. *See Cottle v. Falcon Holdings Mgmt., LLC*, 2012 WL 266968, *1-2 (N.D. Ind. Jan. 30, 2012) (collecting cases on both sides); *Leon v. Jacobson Transp. Co., Inc.,* 2010 WL 4810600, *1 (N.D. Ill. Nov. 19, 2010) (declining to extend *Twombly* and *Iqbal* to affirmative defenses).  Courts

declining to extend the plausibility standard to affirmative defenses reason that the purpose of *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates of expensive discovery and force an extortionate settlement. *See, eg, Leon*, 2010 WL 4810600 at \*1. The likelihood of a defendant filing nuisance defenses is unlikely because affirmative defenses can easily be ignored. *Leon,* 2010 WL 4810600, at \*1. By contrast, they posit that "extra scrutiny of affirmative defenses is often wasteful." *Ford v. Psychopathic Records, Inc.,* 2013 WL 3353923, at \*6 (S.D. Ill. July 3, 2013); *Cottle v. Falcon Holdings Mgmt., LLC,* 2012 WL 266968, at \*2 (N.D. Ind. Jan. 30, 2012) (the requirement of a "showing that the pleader is entitled to relief" in Rule 8(a) is not contained within the requirements of 8(b) for "defenses" or 8(c) for "affirmative defenses," and an affirmative defense is not a claim for relief).

This Court is in accord with the reasoning of courts that decline to apply *Twombly* and *Iqbal* to affirmative defenses and, therefore, will not strike the Government's affirmative defenses. Here, the Government's affirmative defenses satisfy the "short and plain statement" requirement of Rule 8(a) and sufficiently put Plaintiff on notice of its potential defenses.

Accordingly, Plaintiff's Motion to Strike the Government's Affirmative Defenses (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 14, 2020**

**STACI M. YANDLE**
**United States District Judge**